Moye *v.* The Wrightsville & Tennille Railroad Co.

If the testimony of the engineer, fireman, conductor and a passenger on the train is to be believed against the supposition of two witnesses, the railroad company exercised all ordinary and reasonable care and diligence to prevent the accident, whether the horse killed had fallen through a trestle or was standing still. The grant of a second new trial to the company was proper.

November 11, 1889.

Evidence. Railroads. Negligence. New trial. Before Judge Jenkins. Washington superior court. March term, 1889.

Reported in the decision.

Evans & Evans, for plaintiff.

A. F. Daley and O. H. Rogers, for defendant.

Simmons, Justice.

Mrs. Moye sued the railroad company for damages

for the killing of a horse by the running of its trains. She recovered a verdict, and the company moved for a new trial, on the grounds that the verdict was contrary to law and the evidence, and that the court erred in not granting a nonsuit. A new trial was granted, and she excepted.

We have read the evidence carefully, and think the court did right in granting a new trial. The evidence shows that the horse was tied at a station on the line of the defendant's road, and that when the cars moved away from the station, the horse became frightened, and broke loose and ran down the road in front of the engine. The engineer saw him and gave the cattle-signal. The brakes were put on and the train came nearly to a stop. The horse disappeared, it being a dark night. The engineer blew off brakes and started the train, moving at the rate of four or five miles an hour. The engineer and the fireman, according to the evidence, were on the lookout for the horse, thinking, as they swore, that perhaps he would get on the track again. The engine had a good headlight. After running about 600 yards from the place where they first slowed up, they discovered the horse again upon the track. The engine was then about 75 feet from him. The engineer immediately blew on brakes, reversed his engine and gave it steam ; but it was a heavily loaded train, and going down grade, and it seems to have been impossible to stop the train before reaching the horse, and he was killed. The place at which he was killed was a small trestle, and the great preponderance of evidence was that the horse's legs had fallen through the trestle, and that he was lying upon the track. The supposition of two of the plaintiff's witnesses was, that he was standing with his body across the track, and remained standing until he was struck by the engine and killed. If the testimony of the engineer, fireman,

conductor and a passenger on the train is to be believed, against the supposition of two witnesses, the railroad company exercised "all ordinary and reasonable care and diligence" to prevent the accident, and this is so, in our opinion, whether the horse had fallen through the trestle or was standing still.

The court therefore did not err in granting this new trial, even though it was the second time a new trial had been granted in the case.   *Judgment affirmed.*